IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT WESLEY,<br>#K-63051,<br><br>                Plaintiff,<br><br>vs.<br><br>KORUST and<br>MENARD CORRECTIONAL CENTER,<br><br>                Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)   Case No. 14-cv-01131-MJR<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM AND ORDER

**REAGAN, Chief Judge:**

On October 20, 2014, Plaintiff Robert Wesley filed a document in the United States District Court for the Central District of Illinois that was construed as a complaint under 42 U.S.C. § 1983 (Doc. 1). In the complaint, Plaintiff claimed that his civil rights were violated during his incarceration at Menard Correctional Center ("Menard"). Menard is located within the Southern District. Therefore, on October 21, 2014, the Central District transferred the case to this District (Doc. 2).

At the time of filing his complaint, Plaintiff neglected to prepay the $400.00 filing and docketing fee or file a Motion and Affidavit to Proceed in District Court Without Prepaying Fees or Costs ("IFP Motion"). On October 21, 2014, the Clerk of Court in this District informed Plaintiff of this obligation. Plaintiff was given thirty days to prepay the full filing and docketing fee or file a properly completed IFP Motion. The Clerk warned Plaintiff that failure to do one or the other by November 20, 2014, would result in dismissal of the action. The deadline passed without any communication from Plaintiff.

Therefore, this Court entered a notice of impending dismissal on November 25, 2014 (Doc. 4). In this order, the Court reminded Plaintiff of his obligation to prepay the full $400.00 filing and docketing fee or file an IFP Motion. He was given an extended deadline of December 9, 2014, to respond. The Court warned Plaintiff that failure to take action would result in dismissal of his case for want of prosecution and/or failure to comply with a court order under Federal Rule of Civil Procedure 41(b). This deadline also passed without any communication from Plaintiff.

Plaintiff is in clear violation of the Court's Order (Doc. 4). In fact, the Court has received no communications from Plaintiff in this case. The Court will not allow this matter to linger indefinitely. This action is **DISMISSED** without prejudice for failure to comply with a court order and for want of prosecution. FED. R. CIV. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994). This dismissal shall **NOT** count as a "strike" under 28 U.S.C. § 1915(g). Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, so the fee of $400.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

The Clerk's Office is **DIRECTED** to close this case.

**IT IS SO ORDERED.**

**DATED:  December 19, 2014**

>           s/ MICHAEL J. REAGAN
>           Chief Judge
>           United States District Court